IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH REDELL HENRY,**<br><br>    Petitioner,<br><br>v.<br><br>**KAMALA HARRIS,**<br><br>    Respondent. | Case No. 1:15-cv-01225 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION TO STAY AND DISMISS PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE REMEDIES (Doc. 7)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

   Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges five separate prison disciplinary proceedings. (Pet., ECF No. 1.) Petitioner stated that he sought administrative review of the proceedings, but did not indicate that he sought review from any state court, including the California Supreme Court.

   On August 26, 2015, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. (ECF No. 5.) On September 16, 2015, Petitioner requested that the Court stay his federal petition so that he could proceed to attempt to exhaust his remedies in state court. (ECF No. 7.) In his

1

motion, Petitioner did not indicate whether any of the claims in his federal petition were exhausted, or whether he has proceeded to file petitions for writs of habeas corpus in state court to attempt to exhaust his state remedies. (Id.)

I.  **LEGAL STANDARD**

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The Ninth Circuit has found that "'a motion to stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the unexhausted claims,'" and that Magistrate judge must present findings and recommendations to a District Court Judge, rather than rule on the motion. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166, 1173-74 (9th Cir. 2015).

II.  **ANALYSIS**

Petitioner has requested to stay this case and hold it in abeyance to allow him to attempt to exhaust all the claims presented in state court.

**A.  Exhaustion of State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the

1 federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889  (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

**B.   Stay and Abeyance**

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

3

Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

Unfortunately for Petitioner, the stay procedures only apply to mixed petitions containing both exhausted and unexhausted claims. See Rhines, 544 U.S. at 278. Further, "district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims." Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005). However, the instant petition is not a mixed petition. It contains only unexhausted claims. Accordingly, Petitioner is not entitled to a stay or the opportunity to amend. The Court recommends that the petition be dismissed without prejudice. See Coleman, 501 U.S. at 731.

### III. RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the motion to stay the petition for writ of habeas corpus be DENIED and the petition be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   September 21, 2015         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE